DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1903.

### John Kolvi v. H. Krulewich.

1. PRACTICE—*Granting Extension of Time for Filing Appeal Bond After Expiration of Time Originally Allowed.*—The trial court can not grant an extension of time for filing an appeal bond and bill of exceptions after the expiration of time originally allowed, except under some circumstances during term time, and while in open session, where such order is made to appear upon the record of the proceedings of the court and the record states the reasons to justify the making of the same.

Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the March term, 1902. Dismissed. Opinion filed February 9, 1903. Rehearing denied April 23, 1903.

WALTER G. KRAFT, attorney for appellant.

SAMUEL A. ETTELSON, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

In May, 1902, appellee moved to dismiss this appeal for the reason that the appeal bond was not filed within the time fixed by the trial court. Appellant resisted the motion and asked leave to file an additional transcript, which was granted, and the motion to dismiss the appeal was reserved till the hearing. Judgment was rendered in the cause November 16, 1901, in favor of appellee and against appel-

(35)

lant, and appellant, at said date, prayed an appeal, which was allowed on his filing an appeal bond in the penal sum of $250, and a bill of exceptions, within thirty days. The time to file the bond expired December 16, 1902. The bond was filed December 19, 1902. The additional transcript shows that May 23, 1902, the following order was entered by the trial court in the cause :

" This cause coming on to be heard on motion of plaintiff's attorney, and the court being fully advised in the premises, and that all parties have notice of this application, it is therefore ordered, adjudged and decreed, *nunc pro tunc*, as of December 14, 1901, that the time in which to file appeal bond is hereby extended five days from the said December 14, 1901, to which the defendant, by his attorney, hereby excepts."

Between December 16, 1901, when the time to file bond had expired, and the May term, 1902, when the *nunc pro tunc* order was made, four terms of the Circuit Court intervened.

There is nothing in the order of May 23, 1902, indicating in the least on what ground the order was made, nor is there anything in the transcript of the record before us showing any ground for that order. The appellant filed here, May 22, 1902, an affidavit of Walter G. Kraft, his attorney, in which it is stated " that on the 14th of December, A. D. 1901, he appeared before His Honor, Judge Richard S. Tuthill, of the Circuit Court of Cook County, and moved that the time in which to file the bond and bill of exceptions herein be extended five days, and that the court then and there granted the said motion to extend the time in which to file bond and bill of exceptions five days." This affidavit does not even state that there was any showing made of any kind, in support of his motion for the *nunc pro tunc* order. But it is sufficient to say that the affidavit is no part of the record of the proceedings in the Circuit Court, and therefore can not be considered in passing on the motion to dismiss the appeal.

In Pardridge v. Morgenthau, 157 Ill. 395, the trial court, fifteen days after the time fixed by a prior extension for

filing appeal bond had expired, assumed to grant a further extension for five days.   Of this the Supreme Court say:

"This the court could not do.   It had lost jurisdiction for any such purpose from and after the expiration of the time last limited, no new extension having been allowed prior to such expiration."   Ib. 401, citing cases.

In the same case, p. 402, the court say:

"It may be that under some circumstances the court, during term time, and while the court was in open session, might make such a *nunc pro tunc* order; but it must appear upon the record of the proceedings of the court, and should state the reasons, to justify the making of the same."

The appeal will be dismissed.